# IN THE COURT OF APPEALS OF IOWA

No. 22-1502
Filed July 13, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JASON EDWARD TROTTER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Greene County, Derek J. Johnson, Judge.

Jason Trotter appeals his sentences, asserting the court abused its discretion. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Jason Edward Trotter appeals his sentences for criminal mischief in the first degree, theft in the second degree, and possession of methamphetamine third or subsequent offense.  Finding no abuse of discretion, we affirm.

**I. Background Facts & Proceedings.**

At 2:31 a.m. on January 12, 2021, the owner of an automotive repair shop called 911, reporting three individuals were cutting and removing engine parts from a tow truck at his business.  Based on a witness report, police soon located Trotter with two others.  The police observed a cutting tool as they exited their vehicle, and a later search revealed additional cutting tools, engine parts, illegal narcotics, and drug paraphernalia.  All three individuals were arrested.

Trotter was charged with criminal mischief in the first degree, theft in the second degree, possession of methamphetamine third or subsequent offense, and trespass, in violation of Iowa Code sections 124.401(5), 714.1, 714.2, 716.1, 716.3, 716.7, 716.8, and 902.8 (2021).  For each of the first three offenses, he was charged as a habitual offender.

Pursuant to an agreement, Trotter pleaded guilty to the criminal-mischief, theft, and possession offenses, and the State dismissed the habitual offender sentencing enhancements and the trespass charge.  Each party was free to argue for any lawful sentence.

At sentencing, the State recommended imprisonment for all three offenses, with the statutory ten-year and five-year terms for criminal mischief in the first degree and theft in the second degree to run concurrently to each other but consecutive to the five-year term for possession of methamphetamine, third or

subsequent offense. Trotter requested the sentences run consecutively but be suspended. A presentence investigation report recommended sentencing Trotter to suspended prison terms for each of the three offenses and placing Trotter on probation for two to five years.

The court imposed concurrent prison sentences. Trotter appeals.

## II. Standard of Review.

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted).

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters. When a defendant does not assert that the imposed sentence is outside the statutory limits, the sentence will be set aside only for an abuse of discretion. An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.

*Id.* (internal quotation marks and citations omitted).

## III. Discussion.

On appeal, Trotter alleges the district court abused its discretion by failing to consider all the sentencing options before imposing a term of imprisonment. Specifically, he argues the court should have considered special terms and conditions for a stricter probation, including quasi-incarceration sanctions such as electronic monitoring or work release.

During sentencing, the court informed Trotter it had "considered all the sentencing options provided for in Iowa [Code] chapters 901 and 907." The court listed the factors it considered, including Trotter's "terrible" criminal history with multiple felony convictions with suspended sentences and terms of probation, the

facts and circumstances of this offense, and Trotter's family circumstances. The court noted, "My job is to impose the sentence that I believe will protect the community and rehabilitate you. Probation has not worked, bottom line. You still commit offenses." After imposing a term of imprisonment, the court explained,

> Mr. Trotter, I don't impose this sentence because I don't appreciate your circumstances. It's just that efforts of rehabilitation have failed. You continue to commit crimes. I am hoping that incarceration will send a message that you no longer want to commit crimes because probation didn't work. You just kept committing them. . . . You put yourself here. It was your circumstances, your choices. I imposed this sentence because it does provide for your rehabilitation and protection of the community. And I've already indicated what factors I relied upon.

The court weighed all the relevant facts and circumstances, considered the sentencing options available, and made the decision it deemed the best balance between Trotter's need for rehabilitation and the protection of the community. The court's exercise of discretion was not "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted). We conclude the sentencing court did not abuse its discretion and affirm Trotter's sentences.

**AFFIRMED.**